IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CAROLYN MORSE,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:09-cv-00446

ACTAVIS GROUP, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court are defendants' motion for sanctions [Dckt. 21] and motion for an order to show cause why this case should not be dismissed for failure to provide sufficient responses to plaintiff's fact sheet [Dckt. 23].

On December 8, 2009, the defendants' moved for sanctions up to and including dismissal of the complaint against E. Kirk Wood, Jr. and the Wood Law Firm under Rule 11 of the Federal Rules of Civil Procedure. No response was received from counsel regarding that motion. On January 20, 2010, the defendants moved for an order to show cause why the case should not be dismissed for failure to provide sufficient responses to plaintiff's fact sheet. On January 27, 2010, Mr. Wood filed a response to the motion for an order to show cause and requested an extension of time on behalf of Ms. Morse to respond to the deficiency letter underlying the motion for an order to show cause. The court notes that Mr. Wood had alleged difficulties communicating with Ms. Morse prior to his motion for an extension and had sent her a certified letter notifying her of his

intent to dismiss for failure to communicate. According to the motion for an extension Ms. Morse responded to Mr. Wood's letter regarding lack of communication and indicated that she had been unable to respond due to a serious illness that left her unable to manage her affairs and that she had also had a change of address and due to her illness she was unable to communicate that change to counsel. Having re-established communication with his client and following her wish to continue the litigation, Mr. Wood filed the motion for an extension. On February 3, 2010, I granted that extension and specifically noted in addition that the plaintiff had not responded to the previously filed motion for sanctions. I ordered a response be filed to both the motion for an order to show cause and the motion for Rule 11 sanctions on or before February 12, 2010. Mr. Wood failed to file a response to either motion as ordered.

At the request of the defendants in their sanctions motion and for reasons appearing to the court based on the failure of counsel to respond, I scheduled a hearing to address this civil action and several others filed in MDL 1968 by Mr. Wood. At the hearing held on March 30, 2010, I addressed the instant action first and allowed Mr. Wood to address initially my inclination to dismiss this case for failure to prosecute and to sanction him, pursuant to Rule 16(f) for failure to obey a pretrial order, with the full amount of fees and costs incurred by defendants as a result of his violation of the process in PTO 16. Mr. Wood acknowledged his failure to respond and that deficiencies had not been cured as of the date of the hearing. Beyond mentioning the previous trouble with communication with his client, he did not make any attempt to show, pursuant to Rule 16(f)(2), that his non-compliance was substantially justified or that other circumstances would make an award of expenses unjust. Having admitted in the motion for an extension that communication

had been re-established with his client and at the hearing that he did not respond and should have, the court concludes that a monetary sanction is properly imposed on counsel.

I hereby **ORDER** this case dismissed with prejudice for failure to prosecute and monetary sanctions in the amount of $1,285.00 to be paid by Mr. Wood to defendants' lead counsel no later than April 13, 2010. Defendants motions are **DENIED** as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:      March 30, 2010

Joseph R. Goodwin, Chief Judge