IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CAROLYN MORSE,

        Plaintiff,

v.                                          CIVIL ACTION NO.  2:09-cv-00446

ACTAVIS GROUP, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff's motion to reconsider [Dckt 32].

On December 8, 2009, the defendants' moved for sanctions up to and including dismissal of the complaint in this action against E. Kirk Wood, Jr. and the Wood Law Firm under Rule 11 of the Federal Rules of Civil Procedure. No response was received from counsel regarding that motion. On January 20, 2010, the defendants moved for an order to show cause why the case should not be dismissed for failure to provide sufficient responses to plaintiff's fact sheet. On January 27, 2010, Mr. Wood filed a response to the motion for an order to show cause and requested an extension of time on behalf of Ms. Morse to respond to the deficiency letter underlying the motion for an order to show cause. On February 3, 2010, I granted that extension and specifically noted in addition that the plaintiff had not responded to the previously filed motion for sanctions. I ordered a response be filed to both the motion for an order to show cause and the motion for Rule 11 sanctions on or before February 12, 2010.  Mr. Wood failed to file a response to either motion as ordered.

At the request of the defendants in their sanctions motion and for reasons appearing to the court based on the failure of counsel to respond, I scheduled a hearing to address this civil action and several others filed in MDL 1968 by Mr. Wood. At the hearing held on March 30, 2010, I addressed this action first and allowed Mr. Wood to address initially my inclination to dismiss this case for failure to prosecute and to sanction him, pursuant to Rule 16(f) for failure to obey a pretrial order, with the full amount of fees and costs incurred by defendants as a result of his violation of the process in PTO 16. Mr. Wood acknowledged his failure to respond and that deficiencies had not been cured as of the date of the hearing. Beyond mentioning previous trouble with communication with his client, he did not make any attempt to show, pursuant to Rule 16(f)(2), that his non-compliance was substantially justified or that other circumstances would make an award of expenses unjust. At the conclusion of testimony regarding this civil action I dismissed the case with prejudice for failure to prosecute and a monetary sanction in the amount of $1,285.00 was imposed on counsel. The monetary sanction was timely paid to defendants' lead counsel in full.

In an affidavit filed with the instant motion to reconsider, Mr. Wood states that until noted by the court during the March 30, 2010, hearing, he was under the mistaken impression that the appropriate response documents in this action had been filed electronically in a timely manner. He attests that in response to my February 3, 2010, order he had in fact prepared responses to both the show cause order and the defendants' Rule 11 motion which were ready to file in advance of the court's deadline.[1] A post-hearing investigation revealed that due to inadvertent error in his office neither response had actually been filed. He further notes that the extension of time granted to

---

[1] Mr. Wood offered to make available to the court appropriate staff from his office and internal office communications associated with this fact if requested to do so. I find that such actions are not necessary to resolve this matter.

-2-

respond to the show cause order in this action resulted in an deadline independent and later than the deadlines of his remaining five cases with similar response requirements. He infers this attributed to the administrative failure that occurred.

On April 13, 2010, I issued a memorandum opinion and order denying defendants' Rule 11 sanction motions requesting dismissal of Mr. Wood's other civil actions filed in MDL 1968. The Rule 11 motion filed in the instant case was identical to the those filed in the other actions. Mr. Wood asserts his pre-filing investigation in this action was identical to that addressed in the April 13, 2010, order. I have no reason to believe that is not so and thus a similar outcome would have resulted in this case as to the Rule 11 motion. The rulings in the April 13, 2010, order, in addition to Mr Wood's post-hearing discovery of the fact that necessary responses had mistakenly not been filed in this action, prompted his pursuit of relief under Federal Rule of Civil Procedure 60 as to the dismissal of this case. Mr. Wood concedes that the financial sanction was proper and appropriate and as noted above, he has paid it as directed by the court without appeal. The defendants notified the court that they were not filing a response to Mr. Wood's motion to reconsider.

Rule 60 of the Federal Rules of Civil Procedure states in pertinent part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;

In this action I entered final judgment in favor of the defendants as a result of the plaintiff's failure to respond to the court's order requiring a response to both the motion for a show cause order and the motion for sanctions. While I am not overwhelmed with Mr. Wood's justification for failure to respond based on an "inadvertent error in Counsel's office," I do however find that plaintiff's claims

would still be proceeding but for this apparently inadvertent and admitted error on the part of Mr. Wood.  Mr. Wood has accepted without appeal the very appropriate financial sanction imposed against him, as well as the appropriate verbal admonishment administered by the court at the March 30, 2010, hearing.  Further, Mr. Wood has assured the court that he has taken affirmative action to insure that the internal administrative failures that resulted in the involuntary dismissal of this case are corrected and will not occur again in any case managed by his firm. Taking into account all of the relevant circumstances and the threshold for relief pursuant to Rule 60(b), I **GRANT** the plaintiff's motion to reconsider.  The portion of my March 30, 2010, order dismissing this action with prejudice is hereby **VACATED**  and the Clerk is  **DIRECTED**  to re-instate this action to the active docket.

        The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:        April 29, 2010

Joseph R. Goodwin, Chief Judge